# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE

UNITED STATES OF AMERICA,

    Plaintiff,

v.

Case No. 01-CR-20191-DT

LEON BURKE,

    Defendant.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S REQUEST
## FOR A CERTIFICATE OF APPEALABILITY

On November 22, 2004, the court issued an "Order Denying Petitioner's '[Motion For] Modification of an Imposed Term of Imprisonment Pursuant [To 18 U.S.C. §] 3582(C)(1)(i)' and 'Motion to Amend Petitioner's Motion for Modification of an Imposed Term of Imprisonment, 18 U.S.C. § 3582, Pursuant to the Protect Act of 2003." Defendant has now filed a motion for a certificate of appealability. For the reasons, stated below, the motion for a certificate of appealability will be denied.

## I. STANDARD

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b)(1); *In re Certificates of Appealability*, 106 F. 3d 1306, 1307 (6th Cir. 1997). "Where a district court has rejected the constitutional

claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The Defendant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## II. DISCUSSION

In his "Request for Certificate of Appealability," Defendant argues that "the [c]ourt could have resolved [his] motion differently because the court allowed Defendant to recharacterize his 18 U.S.C. § 3582 motion as a 28 U.S.C. § 2255 motion and then ruled on the pleading as if it was still a § 3582 motion, then denied his access to the [c]ourt." (Def.'s Mot. at 1.)

Defendant further requests that the "court adopt the issues raised in the amended motions and the recharacterized motion to [his] request for a certificate of appealability." (*Id.* at 2.)

### A. Construing Defendant's Motions As a § 2255 Pleading

The court notes that Defendant did not originally file his "[Motion for] Modification of an Imposed Term of Imprisonment Pursuant [to 18 U.S.C. §] 3582(C)(1)(i)" and "Motion to Amend Defendant's Motion For Modification of an Imposed Term of Imprisonment, 18 U.S.C. § 3582, Pursuant to the Protect Act of 2003" pursuant to 28 U.S.C. § 2255. The court, however, issued Defendant an order to show cause why his motions should not be treated as a § 2255 motion, as Defendant was attacking the propriety of his sentence and less than one year had passed since the date on which his conviction became final. (10/28/04 Order at 1.) In response, on November 8, 2004

Defendant filed a "Motion to Have Court Recharacterize Defendant's Pleadings as 2255 and Amend to Include Ineffective Assistance Claim." In that motion, Defendant requested that the court construe his previous pleadings as a motion pursuant to 28 U.S.C. § 2255, and he also asked the court to incorporate into its evaluation of the motion his claim that "his counsel was ineffective for allowing the government and the court [to] sentence him in violation of amendment 599 of the sentencing guidelines." (Def.'s Mot. to Recharacterize Pleadings at 1-2.)

The court construed the claims in Defendant's motions as a § 2255 pleading and evaluated Defendant's claims as such. For clarity's sake, the court referred to the motions by their original name in order to identify the actual document that served as the source of Defendant's individual claims. Therefore, Defendant's contention that the court did not adjudicate his claims through § 2255 proceedings is unfounded. Reasonable jurists could not debate that the court construed Defendant's motions as a § 2255 pleading.

### B. Defendant's *Blakely* Argument

In his "[Motion for] Modification of an Imposed Term of Imprisonment Pursuant 3582(C)(1)(i)," Defendant argued that "any enhancement attributed to him during the sentence phase that was not agreed in the plea agreement is unconstitutional in light of the Supreme Court's findings." (Def.'s Mot. for Modification at 2.)

In its November 22, 2005 order, the court held that Defendant's *Blakely* argument was problematic for two reasons. First, the court stated that the Sixth Circuit Court of Appeals had joined several other Circuit Courts of Appeals in holding "that *Blakely* does not require [courts] to invalidate the [Federal Sentencing] Guidelines" and

3

the Federal Sentencing Guidelines had not been affected by *Blakely* in the circuit. *United States v. Koch*, 383 F.3d 436, 437 (6th Cir. 2004) (*en banc*). Second, the court held that even if the United States Supreme Court were to hold that *Blakely* applied to enhancements under the Federal Sentencing Guidelines, *Blakely* would not apply retroactively to cases on collateral review. *See Goode v. United States*, 305 F.3d 378 (6th Cir. 2002); *In re Dean*, 375 F.3d 1287 (11th Cir. 2004).

Since the court issued its November 22, 2005 order, the United States Supreme Court has held that the rule set forth in *Blakely* in fact applies to the United States Sentencing Guidelines. *United States v. Booker*, 125 S.Ct. 738 (2005). More specifically, the *Booker* Court applied the principles in *Blakely* to hold that the United States Sentencing Guidelines were unconstitutional insofar as they mandated that a defendant's sentence be increased based on facts not found by the jury beyond a reasonable doubt. *Id.* at 755-56.[1]

Thus, the first basis for the court's denial of Defendant's *Blakely* claim is now no longer supported by the law. Nonetheless, the court's second basis for denying the *Blakely* claim has been validated by *Humphress v. United States*, 398 F.3d 855, 860-63 (6th Cir. 2005), in which the Sixth Circuit held that *Booker* does not apply retroactively to cases on collateral review. In fact, as noted recently by another judge in this district, "all eleven circuits and the D.C. Circuit have likewise held that *Booker* does not apply retroactively on collateral review." *Eaddy v. U.S.*, 2005 WL 2072101, *1 (E.D. Mich.

---

[1] For this reason, Defendant's claim that his sentence was imposed in violation of *Blakely* is, therefore, properly a claim brought under *Booker,* rather than a claim under *Blakely*. For clarity's sake, however, the court will continue to refer to it as Defendant's *Blakely* claim.

4

August 25, 2005) (Gadola, J.) (citing *Cirilo-Munoz v. United States*, 404 F.3d 527, 533 (1st Cir. 2005); *Guzman v. United States*, 404 F.3d 139, 144 (2d Cir. 2005); *Lloyd v. United States*, 407 F.3d 608 (3d Cir. 2005); *Daniel v. United States*, 2005 U.S. Dist. LEXIS 11509 (N.D.W.Va. 2005); *In re Elwood*, 2005 U.S. App. LEXIS 7343 (5th Cir. 2005); *Humphress v. United States*, 398 F.3d at 860-63; *McReynolds v. United States*, 397 F.3d 479, 480-81 (7th Cir. 2005); *Clark v. United States*, 2005 U.S. Dist. LEXIS 11148 (D. Minn. 2005); *Hewett v. United States*, 2005 U.S. Dist. LEXIS 10910 (D. Haw. 2005); *Bey v. United States*, 399 F.3d 1266, 1269 (10th Cir. 2005); *Varela v. United States*, 400 F.3d 864, 866-68(11th Cir. 2005); *United States v. Agramonte*, 366 F.Supp.2d 83, 89 (D.D.C. 2005)). Thus, reasonable jurists could not, and indeed have not, disagreed with the court's second basis for denying Defendant's *Blakely* claim, that *Blakely* does not apply retroactively.

### C. Defendant's Protect Act Claim

In Defendant's "Motion to Amend . . .," Defendant argued that the Protect Act "requires the sentencing judge . . . to specify the reason . . . for granting or denying departing upward or downward from the applicable sentencing guideline." (Def's Mot. to Amend at 1.) In its November 22, 2004 order, the court held that "in making its sentencing determination, th[e] court found that [Defendant] obstructed justice 'for telling Jimmy to move his car' and that he used or possessed a firearm in connection with another felony offense," and it, therefore, acted within the Sentencing Guidelines in sentencing Defendant. *Burke*, 345 F.3d at 420. The court also noted that Defendant did not present any evidence that the court did not address in providing reasons for

enhancing his sentence. (11/22/04 Order at 5.) In addition, the Sixth Circuit affirmed the increase to Defendant's sentence issued by the court. See Burke, 345 F.3d at 426-31. Reasonable jurists, therefore, could not debate that the court acted within the Sentencing Guidelines in sentencing Defendant.

### D. Defendant's Ineffective Assistance of Counsel Claim

In his "Motion to Have Court Recharacterize Defendant's Pleadings as 2255 and Amend to Include Ineffective Assistance Claim," Defendant requested that the court "amend his argument under the Protect Act with the claim of ineffective assistance of counsel." (Def's Mot. To Recharacterize Pleadings at 3.) In evaluating Defendant's motion, the court determined, in light of the reasons stated above, that Defendant's claim that his sentence would have been different if his attorney had raised the issue contained in the substance of his motion failed. (11/22/04 Order at 5.) For the reasons stated above, reasonable jurists could not debate that either the court acted within the Sentencing Guidelines in sentencing Defendant or Defendant had therefore failed to present a meritorious ineffective assistance of counsel claim. Accordingly,

### III. CONCLUSION

IT IS ORDERED that Defendant's Request for a Certificate of Appealabillity [Dkt. # 117] is DENIED.

OCT 2 0 2005

S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

6

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 119 in case 2:01-CR-20191 was distributed by fax, mail, or direct printing on October 25, 2005 to the parties listed.

---

Leon Burke
FEDERAL PRISON CAMP
17902-076
P.O. Box 2000
Millington, TN 38083

Frederick H. Godwin
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

J. Patten Brown
FEDERAL PUBLIC DEFENDER
200 Jefferson Ave.
Ste. 200
Memphis, TN 38103

Honorable Robert Cleland
US DISTRICT COURT